UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| INDIAWEEKLY.COM, LLC, | : | |
| Plaintiff, | : | |
| | : | |
| v. | : | CIVIL ACTION NO. |
| | : | 3:07-cv-194 (VLB) |
| NEHAFLIX.COM AND NEERAJ KUMAR, | : | |
| Defendants. | : | March 10, 2008 |

## MEMORANDUM OF DECISION AND ORDER DENYING THE DEFENDANTS' MOTION TO DISMISS [Doc. #10]

Before the court is the defendants motion to dismiss for lack of personal jurisdiction pursuant to Federal Rules of Civil Procedure 12(b)(2). The plaintiff, Indiaweekly.com, LLC ("Indiaweekly"), brings this action against the defendants, Nehaflix.com ("Nehaflix") and Neeraj Kumar, asserting four causes of action. The first is a computer crime pursuant to Connecticut General Statutes § 53-452. The second is theft of trade secrets pursuant to Connecticut General Statutes § 35-51. The third is theft pursuant to Connecticut General Statutes § 52-564. The fourth is violation of the Connecticut Unfair Trade Practices Act ("CUTPA"), Connecticut General Statutes § 42-110b et seq. For the reasons hereinafter set forth, that motion is DENIED.

## I. Facts

The following undisputed facts are relevant to this motion. Indiaweekly is a Connecticut corporation engaged in the business of selling and renting Indian language CDs and DVDs through its website: http://www.indiaweekly.com.

1

Nehaflix is a Delaware corporation. Kumar is the founder, president, and sole owner and employee of Nehaflix. He is a citizen of Delaware, but currently resides in Texas. Kumar runs Nehaflix out of his home in Texas. Nehaflix sells Indian language CDs and DVDs through the internet, using the website: http://store.nehaflix.com/index.html.

On February 1, 2007, Indiaweekly filed a complaint against Nehaflix and Kumar alleging that "the Defendants used the internet to gain surreptitious and unauthorized access to the Plaintiff's computer system and [took] various information belonging to the Plaintiff including customer lists, pricing information, supplier information, and personal business emails." [Doc. #1, ¶ 7] The defendants used the stolen information "to solicit the Plaintiff's customers, to undercut [the] Plaintiff's pricing and to otherwise unfairly compete with the Plaintiff all to the Plaintiff's loss and detriment." [Doc. #1, ¶ 8] Indiaweekly claims that these acts constitute theft, computer crimes and an unfair trade practice. The defendants now move to dismiss the complaint pursuant to Rule 12(b)(2) for lack of personal jurisdiction over both Nehaflix and Kumar. [Doc. #10]

## II. Standard

Rule 12(b)(2) allows a case to be dismissed if the court lacks jurisdiction over a party. Fed. R. Civ. P. 12(b)(2). "On a motion to dismiss for lack of personal jurisdiction, the plaintiff bears the burden of showing that the court has jurisdiction over the defendant." In re Magnetic Audiotape Antitrust Litig., 334 F.3d 204, 206 (2d Cir. 2003). The nature of that burden, however, depends upon

the procedural posture of the case. Am. Wholesalers Underwriting, Ltd. v. Am. Wholesale Ins. Group, Inc., 312 F. Supp. 2d 247, 251 (D. Conn. 2004). Where, as here, there has been no discovery on jurisdictional issues and the court is relying solely on the parties' pleadings and affidavits, the plaintiff need only make a prima facie showing that the court possesses personal jurisdiction over the defendants. Mashantucket Pequot Tribe v. Redican, 309 F. Supp. 2d 309, 313 (D. Conn. 2004); Ball v. Metallurgie Hoboken-Overpelt, S.A., 902 F.2d 194, 197 (2d Cir. 1990). In ruling on a 12(b)(2) motion, the court accepts allegations in the complaint as true and resolves all factual disputes in the plaintiff's favor. Thomas v. Ashcroft, 470 F.3d 491, 495 (2d Cir. 2006).

In a diversity case, the court conducts a two part inquiry. The court determines first whether the forum state's long-arm statute authorizes the exercise of personal jurisdiction on the defendant; and second whether the court's assertion of jurisdiction under the long-arm statute comports with the requirements of constitutional due process. Metro. Life Ins. Co. v. Robertson-Ceco Corp., 84 F.3d 560, 567 (2d Cir. 1996). "The defendant's action must establish 'certain minimum contacts ... [so] that the maintenance of the suit does not offend traditional notions of fair play and substantial justice.'" Broad. Mktg. Int'l, Ltd. v. Prosource Sales & Mktg., 345 F. Supp. 2d 1053, 1057 (D. Conn. 2004) (quoting Int'l Shoe Co. v. Washington, 326 U.S. 310, 316 (1945)).

III. Discussion

The first issue the court must consider is whether the Connecticut long-

3

arm statute reaches Nehaflix. A foreign corporation is subject to personal jurisdiction in Connecticut pursuant to Connecticut General Statutes § 33-929(f). That statute reads: "Every foreign corporation shall be subject to suit in this state . . . on any cause of action arising . . . 4) out of tortious conduct in this state." Conn. Gen. Stat. § 33-929(f). Indiaweekly alleges that Nehaflix, among other things, breached its duty to Indiaweekly by committing an unfair trade practice through its interactive website that is accessible in Connecticut.

"[O]ne . . . . who uses a web site to make sales to customers in a distant state can thereby become subject to the jurisdiction of that state's courts." Mashantucket Pequot Tribe, 309 F. Supp. 2d at 317 (quoting National Football League v. Miller, 2000 U.S. Dist. Lexis 3929 at *1-2 (S.D.N.Y. Mar. 30, 2000)). Tortious conduct on a website may create a basis for personal jurisdiction if the website provides a sufficient link between the entity selling products through the site and individuals in the forum state. See On-Line Techs. v. Perkin Elmer Corp., 141 F. Supp. 2d 246, 265 (D. Conn. 2001) (citing VP Intellectual Properties v. Imtec Corp., 1999 U.S. Dist. Lexis 19700 (D.N.J. Dec. 8, 1999); CompuServe, Inc. v. Patterson, 89 F.3d 1257 (6th Cir. 1996); Bensusan Restaurant Corp. v. King, 937 F. Supp. 295 (S.D.N.Y. 1996); Zippo Mfg. Co. v. Zippo Dot Com, Inc., 952 F. Supp. 1119 (W.D. Pa. 1997); Search Force v. Dataforce Int'l, 112 F. Supp. 2d 771 (S.D. Ind. 2000)).

The district court must determine the level of direct interaction a website provides. "At one end of the spectrum are cases where individuals can directly

interact with a company over their Internet site, download, transmit or exchange information, and enter into contracts with the company via computer." Id. These are "active" websites. "At the other end of the continuum are cases where the defendant has only advertised on the Internet, and where another medium such as the telephone or mail is necessary to contact the seller." Id. These are "passive" websites. Tortious conduct committed on an active website confers personal jurisdiction over the corporate owner of that cite pursuant to section 33-929(f)(4). Id.

Nehaflix operates an active website. Nehaflix allows customers to enter into contracts with the company through its website with no personal contact whatsoever. The price of each item is displayed directly on the website and users may purchase all items through the site by credit card. Shipping rates are listed online; there is a link to track orders through UPS.com; and email methods are required to report defective items and to submit sales or order inquiries. Under the "Frequently Asked Questions" link, Nehaflix states that "unlike other vendors [it] do[es] not have a retail physical store." See http://store.nehaflix.com/faqs.html. Nehaflix handles all of its business matters through its website. As nehaflix.com is an active website, any tortious conduct committed on the site subjects Nehaflix to the reach of Connecticut's long-arm statute pursuant to section 33-929(f)(4). Indiaweekly alleges that the pricing and sale of items on the site constitute an unfair trade practice. Therefore, section 33-929(f)(4) applies to Nehaflix.

The court next must consider whether Connecticut's long-arm statute also reaches Kumar. A non-resident individual is subject to personal jurisdiction in Connecticut pursuant to Connecticut General Statutes § 52-59b. That statute applies to an individual who "commits a tortious act within the state." Conn. Gen. Stat. § 52-59b(a)(2).

The court concludes that Kumar is properly subject to the reach of section 52-59(a)(2) based on the alleged tortious conduct of the Nehaflix owned website under the identity rule for disregarding corporate form. "Generally speaking, the identity rule imposes liability when . . . a corporation and an individual should properly be considered one in the same." Am. Wholesalers Underwriting, Ltd., 312 F. Supp. 2d at 258 (citing Zaist v. Olson, 154 Conn. 563, 578 (Conn. 1967)). "If plaintiff can show that there was such a unity of interest and ownership that the independence of the corporation[] had in effect ceased or had never begun, an adherence to the fiction of separate identity would serve only to defeat justice and equity by permitting the economic entity to escape liability." Angelo Tomasso, Inc. v. Armor Const. & Paving Inc., 187 Conn. 544, 554 (1982) (quoting Zaist, 154 Conn. at 576).

It is undisputed that Kumar is the sole owner, founder, beneficiary and employee of Nehaflix. The interests of the corporation and the individual are one in the same. The identity rule applies to the case at hand, and Kumar is accountable for the actions of Nehaflix. Indiaweekly alleges Nehaflix committed tortious conduct on its website. As explained above, the website is an active one

6

and tortious conduct committed on that site can be considered to have taken place in Connecticut for long-arm purposes. Accordingly, Kumar is considered to have committed a tortious act in Connecticut and is subject to the reach of section 52-59b(a)(2). See <u>Mashantucket Pequot Tribe</u>, 309 F. Supp. 2d 309 (finding section 52-59b(a)(2) applies to individual doing business as a website, where website contains tortious material).

As the court concludes that both Nehaflix and Kumar are within the reach of Connecticut's long-arm statutes, the final matter for consideration is whether the exercise of personal jurisdiction ever the defendants comports with constitutional due process. Courts in this district have held that exercising personal jurisdiction over defendants based on the presence of an active website does not offend due process. See <u>Id.</u> at 316-20; <u>Broad. Mktg. Int'l, Ltd.</u>, 345 F. Supp. 2d at 1060-64. In the case at hand, the application of Connecticut's long-arm statutes to the defendants is based solely on their active website. Therefore the court's exercise of personal jurisdiction over them does not offend due process.

## IV. Conclusion

Based on the above reasoning, the court concludes that the exercise of personal jurisdiction over the defendants is authorized under the Connecticut long-arm statutes and comports with constitutional due process. The motion to dismiss for lack of personal jurisdiction is DENIED.

The parties shall hold a supplemental Rule 26(f) conference and submit a

**revised report to the court by April 1, 2008.**

**IT IS SO ORDERED.**

_____/s/_____

**Vanessa L. Bryant**

**United States District Judge**

**Dated at Hartford, Connecticut: March 10, 2008.**