UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| INDIAWEEKLY.COM, LLC, | : | |
|     Plaintiff, | : | |
| | : | |
| v. | : | CIVIL ACTION NO. |
| | : | 3:07-cv-00194 (VLB) |
| NEHAFLIX.COM, INC. AND | : | |
| NEERAJ KUMAR, | : | |
|     Defendants. | : | January 27, 2009 |

## MEMORANDUM OF DECISION DENYING COUNTERCLAIM/THIRD-PARTY DEFENDANTS' MOTION TO DISMISS [Doc. #41]

Before the Court is the motion to dismiss filed by the plaintiff and counterclaim defendant Indiaweekly.com, LLC ("Indiaweekly,") and third-party defendants, Vartika and Shivesh Kumar (hereinafter "the moving parties"). Indiaweekly brought this action against Nehaflix.com, Inc. ("Nehaflix") and its managing agent, Neeraj Kumar, also known as Nick Kumar, (hereinafter "defendants"), who counterclaimed against Indiaweekly and filed a third party complaint against Vartika and Shivesh Kumar alleging trademark infringement, defamation, tortious interference with business relations, and violations of the Connecticut Unfair Trade Practices Act (CUTPA), Conn. Gen. Stat. § 42-110g.

The Court has jurisdiction pursuant to 28 U.S.C. § 1332(a)(1), as Indiaweekly and Shivesh and Vartika Kumar are citizens of Connecticut, Nehaflix and Neeraj Kumar are citizens of Delaware, and the amount in controversy exceeds $75,000.

1

Indiaweekly and Vartika and Shivesh Kumar move pursuant to Federal Rule of Civil Procedure 12(b)(6) to dismiss all of the claims against them for failure to state a claim under which relief may be granted. [Doc. #41] For the reasons hereinafter set forth, their motion is DENIED.

## Facts

For the purpose of deciding this motion to dismiss, the Court accepts as true all facts alleged in the revised counterclaims [Doc. #60] and third-party complaint [Doc. #61]. <u>McCarthy v. Dun & Bradstreet Corp.</u>, 482 F.3d 184, 191 (2d Cir. 2007).  As asserted in those pleadings, Indiaweekly is an Internet website business based in Connecticut that sells Indian video and audio recordings. Shivesh and Vartika Kumar are the sole owners and agents of Indiaweekly. Nehaflix, a Delaware corporation, is also an Internet business specializing in Asian video and audio recordings.  Neeraj Kumar is the founder and president of Nehaflix. Nehaflix has operated since 2002.

The two companies are direct competitors. In approximately 2004, Indiaweekly began placing Nehaflix's trademarked name on its website so that the results of an Internet search using the word "Nehaflix" would include Indiaweekly's website.

From 2002 to 2006, Nehaflix had a business relationship with Constant Contact, LLC, an entity which sent bulk emails on behalf of Nehaflix. On May 25, 2006 and August 4, 2006, Vartika and Shivesh Kumar caused Nehaflix' attorney, Paul Ruszczyk, send letters to Constant Contact stating that they believed that

Nehaflix had broken into Indiaweekly's computer system to steal Indiaweekly's customer lists and other documents. As a result, Constant Contact terminated its relationship with Nehaflix.

Nehaflix then entered into new bulk emailing contracts with Streamsend, Inc. and Broadwick Corp., whereupon Indiaweekly, through Vartika and Shivesh Kumar, sent letters to those companies falsely accusing Nehaflix of stealing electronic files from Indiaweekly. Streamsend and Broadwick also terminated their contracts with Nehaflix.

Nehaflix also had a relationship with Bollywood Entertainment, Inc. ("Bollywood") whereby Bollywood would print Nehaflix's logo on DVDs that Bollywood produced. Indiaweekly also sold DVDs produced by Bollywood. When Shivesh and Vartika Kumar shipped Bollywood's DVDs, they covered Nehaflix's logo on the disks with stickers containing the Indiaweekly logo.

In 2006, Shivesh and Vartika Kumar filed a false police report with the Cheshire, Connecticut Police Department accusing Neeraj Kumar of theft. On July 12, 2006, Shivesh Kumar sent a letter to Detective Ken Novi falsely alleging that Neeraj Kumar had engaged in "criminal activities" and "stole online fax documents."

On February 8, 2007, Indiaweekly filed suit against Nehaflix and Neeraj Kumar alleging computer crimes, theft, theft of trade secrets, and violations of CUTPA, whereupon Nehaflix and Neeraj Kumar filed counterclaims against Indiaweekly and a third party complaint against Shivesh and Vartika Kumar.

Indiaweekly and Shivesh and Vartika Kumar then filed the within motion to dismiss the counterclaims and third party complaint.

## Discussion

The Federal Rules of Civil Procedure require that a pleading contain "a short and plain statement of the claim showing that the pleader is entitled to relief."  Fed. R. Civ. P. 8(a)(2). "Specific facts are not necessary; the statement need only 'give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.'" Erickson v. Pardus, 127 S.Ct. 2197, 2200 (2007), citing Bell Atlantic v. Twombly, 550 U.S. 544 (2007). The court "accept[s] as true all factual statements alleged in the complaint and draw[s] all reasonable inferences in favor of the non-moving party . . . . In general, [the court's] review is limited to the facts as asserted within the four corners of the complaint, the documents attached to the complaint as exhibits, and any documents incorporated in the complaint by reference." McCarthy v. Dun & Bradstreet Corp., 482 F.3d at 191. "To survive a motion to dismiss, a complaint must plead enough facts to state a claim to relief that is plausible on its face." Ruotolo v. City of New York, 514 F.3d 184, 188 (2d Cir. 2008).

The legal claims in the Revised Answer, Special Defenses and Counterclaims [Doc. #60] and the Revised Third-Party Complaint [Doc. #61] are identical and addressed by the moving parties as such except when explicitly stated otherwise.

The moving parties argue: 1) each count fails to state a claim upon which

relief may be granted, 2) the trademark infringement claim does not establish a likelihood of confusion, 3) several of the defendants' claims allege fraud, which must be, but is not, pled with particularity, 4) the defendants' claims are time-barred, and 5) the defendants have not pled any grounds for the individual liability of Shivesh and Vartika Kumar.  The defendants respond that all of their claims are sufficiently pled.  The Court will address each claim in turn.

### A. Trademark Infringement

The defendants have alleged that the moving parties violated the Lanham Act, 15 U.S.C. § 1125(a)(1)[1] and 15 U.S.C. § 1114(1)[2] by infringing Nehaflix' trademark in using it on their own website. The two sections of the Lanham Act, while proscribing different conduct, are both designed to prevent confusion as to the source or affiliation of goods or services. Compare 15 U.S.C. § 1114(1)(a) ("use . . . of a registered mark . . . [that] is likely to cause confusion") with 15 U.S.C. § 1125(a) ("use in connection with any goods . . . [of] a false designation

---

[1] Any person who, on or in connection with any goods or services, or any container for goods, uses in commerce any word, term, name, symbol, or device, or any combination thereof, or any false designation of origin, false or misleading description of fact, or false or misleading representation of fact, which . . . is likely to cause confusion, or to cause mistake, or to deceive as to the affiliation, connection, or association of such person with another person, or as to the origin, sponsorship, or approval of his or her goods, services, or commercial activities by another person . . . shall be liable in a civil action by any person who believes that he or she is or is likely to be damaged by such act. 15 U.S.C. § 1125.

[2] Any person who shall, without the consent of the registrant– (a) use in commerce any reproduction, counterfeit, copy, or colorable imitation of a registered mark in connection with the sale, offering for sale, distribution, or advertising of any goods or services on or in connection with which such use is likely to cause confusion, or to cause mistake, or to deceive . . . shall be liable in a civil action by the registrant for the remedies hereinafter provided. 15 U.S.C. § 1114(1)

of origin."); <u>Lois Sportswear U.S.A., Inc. v. Levi Strauss & Co,</u>, 799 F. 2d 867, 869 (2d Cir. 1986). "[T]o succeed in a Lanham Act suit for trademark infringement, a plaintiff has two obstacles to overcome: the plaintiff must prove that its mark is entitled to protection and, even more important, that the defendant's use . . . will likely cause confusion . . ." <u>Gruner + Jahr USA Publishing v. Meredith Corp</u>., 991 F.2d 1072, 1072 (2d Cir. 1999). The moving parties do not dispute that Nehaflix has a protectable mark, but argue that the defendants have not properly pled the second element. The Court must consider whether the defendants have pled sufficient facts, as opposed to legal conclusions, to give notice of "the nature of the [infringing] use." <u>Dow Jones & Company, Inc. v. Int'l Sec. Exchange</u>, 451 F.3d 295, 307 (2d. Cir. 2006)

  The defendants have alleged that both Indiaweekly and Nehaflix were in the business of selling Indian video and audio recordings using Internet websites, and that Indiaweekly placed Nehaflix' mark on its own website with the intent of causing potential visitors to Nehaflix's website to see links for Indiaweekly's website when using Internet search engines. The defendants further allege that this placement of Nehaflix' mark on Indiaweekly's website "was likely to cause confusion, mistake, or to deceive as to the affiliation, connection, or association of Indiaweekly with Nehaflix, or as to origin, sponsorship, or approval of Indiaweekly's goods with Nehaflix." [Doc. #61]

  The moving parties argue that these facts fail to plead any likelihood of confusion, and apply a heightened pleading standard to this element, citing Fed.

**6**

R. Civ. P. 9(b). They argue that Lanham Act claims necessarily contain some element of fraud, which must be pled with particularity. The Court concludes that this argument is unsupported by case law. No court in this district has ever dismissed a Lanham Act claim for failure to comply with Rule 9(b), nor has the Second Circuit ever held that it should.[3] The Court also concludes that the defendants have pled facts supporting a likelihood of confusion. It is plausible that a potential customer of Nehaflix, when searching the Internet for the term "Nehaflix," would, upon being directed to another website containing the term "Nehaflix" also selling Indian videos, conclude that the two businesses were associated in some way when they are not.

The defendants allege that the Nehaflix mark "appeared" on the Indiaweekly website. [Doc. #61] Drawing inferences in favor of the defendants, the Court interprets this to mean that it was visible to a person looking at the website itself, not the imbedded metadata, which is not visible to a person viewing the website with an ordinary HTML browser. The Second Circuit has not yet definitively answered whether trademark use in metadata alone will support a trademark infringement claim, but the general decision in the district courts of

---

[3]The sole case from within this Circuit cited by the moving parties, Volunteer Firemen's Ins. Servs. v. McNeil & Co., 221 F.R.D. 388, 393 (W.D.N.Y. 2004), came to a different conclusion than the great majority of other courts within this Circuit who have addressed this argument. See Wellnx Life Sciences v. Iovate Health Sciences Research, 516 F.Supp.2d 270, 283 n. 2 (S.D.N.Y. 2007) (citing cases which apply Rule 9(b) only to traditional fraud claims and noting, "[c]ontrary to defendants' contention, Rule 8(a), and not Rule 9(b) applies to false advertising claims under the Lanham Act . . . heightened pleading standards must be obtained by the process of amending the Federal Rules, and not by judicial interpretation.")

this circuit is that it does not.[4]

The moving parties further argue that the trademark infringement claim must be dismissed because the defendants have not identified the persons who were confused by the placement of Nehaflix' mark on Indiaweekly's website. However, these persons are identified in the third-party complaint and counterclaims as potential customers of Nehaflix who used Google or other search engines to find Nehaflix. To the extent the moving parties challenge the sufficiency of the evidence on this count, such argument is more appropriate for a motion for summary judgment.

### B. Defamation

The moving parties argue that the defendants' defamation claims fail because the statements made in letters to the defendants' vendors and the Cheshire Police Department were merely opinions, not facts, and that a defamation claim may not lie in the expression of an opinion. As two such letters were referred to and relied upon in the counterclaims and third party complaint, and are corroborative of such, and the defendants have not objected to their authenticity, the Court may examine the letters for the purpose of deciding this

---

[4] See, e.g., S&L Vitamins, Inc. v. Australian Gold, Inc., 521 F.Supp.2d 188, 199 (E.D.N.Y. 2007) (holding that trademark use in metadate is not "use in commerce"); but see Williams-Sonoma, Inc. v. Friendfinder, Inc., No. C 06-6572, 2007 WL 4973848 at *1 (N.D.Cal. Dec. 6, 2007) (finding that embedding the mark "potterybarnteen" in metadata so as to affect search rankings for an unrelated pornography site infringed Pottery Barn mark).

motion to dismiss.[5]  Attached to the moving parties' reply brief are letters from their counsel, Paul Ruszczyk, to Constant Contact. [Doc. #66]  Ruszczyk asserts that Nehaflix' computer system "had been broken into" and that "files had been stolen."  He then states, "[w]e believe but cannot yet prove that the company which took my client's information is my client's direct competitor, a company named Nehaflix.com," and that Constant Contact should "preserve all records relating to Nehaflix pending the search warrants. . . that will call for production of these records." [Doc. #66, Ex. B].

      Defamation is a common law claim governed, in this case, by the law of Connecticut. See, e.g., Lee v. Bankers Trust Co., 166 F.3d 540 (2d. Cir. 1998). Explaining the difference between a defamatory statement of fact and one of protected opinion, the Connecticut Supreme Court said: "To be actionable in defamation the statement in question must convey an objective fact, as generally, a defendant cannot be held liable for expressing a mere opinion . . . . [A] statement must be an expression of fact such as he is a thief . . . a statement cannot be an opinion such as I think he is a thief, or a question such as is he a thief." Daley v. Aetna Life & Casualty Co., 249 Conn. 766, 795-96 (1999). Thus in Connecticut, a defamation claim requires a statement that is an assertion of fact, either explicit or implied, and not merely an opinion, provided the opinion does

---

[5]See Kramer v. Time Warner Inc., 937 F.2d 767, 774 (2d Cir. 1991) (considering documents attached to a Rule 12(b)(6) motion that "are the very documents that are alleged to contain the various misrepresentations or omissions and are relevant not to prove the truth of their contents but only to determine what the documents stated").

not imply the existence of undisclosed defamatory facts. A comment is an opinion if it is clear from the surrounding circumstances that the maker of the statement did not intend to state an objective fact but intended rather to make a personal observation of the facts. Mendez v. Vonroll Isola USA, Inc., No. CV020462113S, 2004 WL 944516 (Conn. Super. April 8, 2004). In Mendez, an employee made statements to an investigator to the effect that the plaintiff might have been the perpetrator of a theft based on similarities between the plaintiff and his vehicle and the appearance of the perpetrator and his vehicle appearing on a surveillance tape. Because of the equivocal nature of the statements made in Mendez the court found that the statements were non-actionable opinions or subjective facts and not actionable statements of objective fact. Therefore, the statement that the moving parties "believe but cannot prove" that Neeraj Kumar had committed a theft could be construed as the equivalent of saying "I think he is a thief," which in Connecticut is an opinion and not an assertion or statement of fact.

    Whether a statement is protected opinion or unprotected fact is a question of law for the court. Mr. Chow of New York v. Ste Jour Azur S.A., 759 F.2d 219, 230 (2d Cir. 1985). In Mr. Chow, the court said, "[a]lthough it is clear that expressions of opinion are constitutionally protected, the determination of whether a specific statement is one of opinion or fact is difficult. As an initial matter, the inquiry into whether a statement should be viewed as one of fact or

one of opinion must be made from the perspective of an 'ordinary reader' of the statement." Id. at 224.  Mr. Chow relied on the law of New York, which has, like Connecticut, adopted the Restatement[6] to define the dichotomy between an assertion of fact and a statement of opinion:

> [T]o establish an actual test for determining if a statement is protected opinion or unprotected fact, we must examine both the context in which the statements are made and the circumstances surrounding the statements. We must also look at the language itself to determine if it is used in a precise, literal manner or in a loose, figurative or hyperbolic sense. Related to this inquiry, we must examine the statements to determine if they are objectively capable of being proved true or false. Finally, if the above analysis indicates that the statement is opinion, we must determine if it implies the allegation of undisclosed defamatory facts as the basis for the opinion.

(Internal quotations omitted) Id. at 225-226, citing Rinaldi v. Holt, Rinehart & Winston, Inc., 42 N.Y.2d 369, 381-82 (N.Y. 1977) The court also held that direct accusations of criminal misconduct are not protected as opinion. Id. at 225. Mr. Chow further set forth a test to determine whether a statement is factual or an opinion: first, the common meaning of the statement; second, whether the statement is objectively capable of being proved or disproved; third, the context of the statement; fourth, the broader context in which the statement is made. Id.

      The context in which statements are made cannot simply be viewed as the relationship between the parties.  Negative statements in a performance appraisal or to recruiters about the quality of a person's performance are opinions, and not defamatory. Johnson v. Chesebrough-Pond's USA Co., 918 F.Supp. 543 (D.Conn.

---

[6] Cweklinsky v. Mobil Chemical Co., 267 Conn. 210, 217 (2004).

**11**

1996). By contrast, a statement that an employee lied and made up economic figures is not a statement of opinion but a false statement of fact, and therefore defamatory. Scandura v. Friendly Ice Cream Corp., No. CV 930529109S, 1996 WL 409337 at *6 (Conn. Super. June 26, 1996).

The determination of whether a specific statement is one of opinion or fact is a difficult one which is best made with the benefit of the context in which the statement was made and the circumstances under which it was made.  The Court lacks sufficient context when deciding a motion to dismiss.  While in a vacuum, the statements do not appear to be direct accusations, they could reasonably be read to imply that they are based on undisclosed defamatory facts, which would strip the statements of any privilege.  See Mr. Chow, 759 F.2d at 225.  Thus, whether the moving parties' statements are intended to state an objective fact or are intended to make a personal observation of the facts is unascertainable, and therefore the motion to dismiss the defamation count is denied.

The defendants also allege defamation in other letters sent to Streamsend, Inc. and Broadwick Corp. in late 2006.  These letters are not before the Court, and the Court must draw an inference in favor of the non-moving parties that the moving parties made false statements of *fact* in those letters.  McCarthy v. Dun & Bradstreet Corp., 482 F.3d at 191.

The moving parties additionally argue that paragraph 4 of Count 2 of the Revised Third Party Complaint and Revised Counterclaims, in which the

12

defendants allege that the moving parties defamed them by making a false police report, is deficient to defeat qualified privilege as it fails to allege that the defendants made their statements with knowledge of their falsity or disregard of their truth.  The sole case offered in support of this use of privilege to defeat a defamation claim, Saliby v. Kendzierski, 407 F. Supp. 2d 393 (D. Conn. 2006), dealt with this issue of qualified privilege to report to police on summary judgment, where it was held that the plaintiff bore the burden of proving knowing falsity or disregard at trial.  In this action, while the defendants have the burden of overcoming qualified privilege, the issue is not yet fully joined and must await a fuller presentation of the evidence.

### C.  Tortious Interference with Business Relations

The moving parties argue that the alleged conduct of placing stickers over Nehaflix' advertising does not constitute tortious interference with business relations.  "The essential elements of such a claim include, of course, the existence of a contractual or beneficial relationship and that the defendant(s), knowing of that relationship, intentionally sought to interfere with it; and, as a result, the plaintiff claimed to have suffered actual loss."  Solomon v. Aberman, 196 Conn. 359, 365 (Conn. 1985) (internal quotations and citations omitted).  The defendants have alleged that Nehaflix had a contractual relationship with Bollywood to place advertising on DVDs.  They also allege that the moving parties placed stickers with the Indiaweekly's logo over the Nehaflix logo on the

13

DVDs that Indiaweekly shipped from Bollywood. Implicit in these facts is the moving parties' knowledge that a business relationship existed. The defendants argue that this constitutes a misrepresentation that Indiaweekly, and not Nehaflix, had an advertising relationship with Bollywood. They further argue that Indiaweekly deprived Nehaflix of the benefit of its agreement to place its logos on Bollywood DVDs, for which Nehaflix paid. Among those benefits was the expectation that purchasers of those DVDs would see Nehaflix's advertisement, engendering goodwill. Indiaweekly interfered with this relationship by concealing the advertising for which Nehaflix paid. The actual loss would be the money paid for the frustrated advertising and the loss of goodwill the advertisement would have brought. The Court thus concludes that the elements of tortious interference with contractual relations have been well-pled.

The moving parties further argue that to the extent the conduct of Indiaweekly in interfering with business relations is alleged to be fraudulent, such conduct must be described with particularity pursuant to Rule 9(b). While fraud is a possible element of a tortious interference with business relations claim, a plaintiff may alternatively prove "misrepresentation, intimidation, or molestation . . . or that the defendant acted maliciously." Solomon, 196 Conn. at 365. The defendants need only allege some improper motive. Id. Moreover, even if Nehaflix and Neeraj Kumar were required to plead this claim with particularity, they have described the parties to the contracts, the nature of those contracts,

14

the actions that they believe the moving party took to interfere with them, and the nature of their loss. Even under a heightened pleading standard, the moving parties would have adequate notice of the claims against them.  Lerner v. Fleet Bank, N.A., 459 F.3d 273, 290 (2d Cir. 2007) ("the complaint must: (1) specify the statements that the plaintiff contends were fraudulent, (2) identify the speaker, (3) state where and when the statements were made, and (4) explain why the statements were fraudulent.")

### D. CUTPA

The defendants have reasserted each of their first three claims as also constituting CUTPA violations, and have also alleged that the moving parties engaged in false advertising, copying the content of other websites, making false orders on Nehaflix' website, selling items below cost, selling merchandise manufactured or distributed by persons without a license to do so, and failing to timely ship items ordered in violation of 16 C.F.R. § 435.  The moving parties argue that these allegations are insufficiently pled, citing, among other cases, National Basketball Ass'n v. Motorola, Inc., 105 F.3d 841, 855 (2d. Cir. 1997) to show that several elements of the torts of false advertising and copyright infringement have not been met as pled within the CUTPA claim. The defendants have not pled that false advertising or copyright infringement constitute CUTPA violations, but rather that the conduct which underlies these claims also constitutes a CUTPA violation as it constitutes "unfair methods of competition

15

and unfair or deceptive acts or practices in the conduct of any trade or commerce." Conn. Gen. Stat. § 42-110b. Although a Lanham Act violation is a per se violation of CUTPA,[7] a party need not successfully assert a statutory claim to maintain a CUTPA claim. <u>Murphy v. Provident Mutual Life Insurance Co.</u>, 923 F.2d 923, 929 (2d Cir. 1991) (considering CUTPA claim after dismissing trademark claim based on the same conduct).

In determining whether a practice violates CUTPA, the Court "is guided by the criteria set out in the Federal Trade Commission's so-called cigarette rule: (1) whether the practice, without necessarily having been previously considered unlawful, offends public policy as it has been established by statutes, the common law, or otherwise- in other words, it is within at least the penumbra of some common law, statutory, or other established concept of fairness; (2) whether it is immoral, unethical, oppressive, or unscrupulous; (3) whether it causes substantial injury to consumers, competitors or other businesspersons." (Internal citations and quotations omitted). <u>Zulick v. Patrons Mutual Ins. Co.</u>, 287 Conn. 367, 378 n.11 (Conn. 2008).

CUTPA is non-formulaic. "All three criteria do not need to be satisfied to support a finding of unfairness. A practice may be unfair because of the degree to which it meets one of the criteria or because to a lesser extent it meets all three. Thus a violation of CUTPA may be established by showing either an actual

---

[7] <u>See Pfizer v. Miles</u>, 868 F. Supp. 437, 442 (D. Conn. 1994).

deceptive practice or a practice amounting to a violation of public policy . In order to enforce this prohibition, CUTPA provides a private cause of action to any person who suffers any ascertainable loss of money or property, real or personal, as a result of the use or employment of a prohibited method, act, or practice." (Internal citations and quotations omitted). <u>Ramirez v. Health Net of the Northeast, Inc.</u>, 285 Conn. 1, 19 (Conn. 2008). Even if the allegations of the CUTPA claim do not rise to the level of statutory or common law torts, they may still violate CUTPA.[8] The CUTPA claim must therefore survive.

### E. Statute of Limitations

The moving parties argue that many of the actions complained of fall outside the three-year statute of limitations for CUTPA violations and two-year statute of limitations for defamation.  The original counterclaims and the third-party complaint were filed on April 30, 2008. [Docs. ## 22, 24] The defendants have not specified the dates on which all of the conduct occurred. However, all of the dates alleged within the complaint fall within the range for the relevant statute of limitations: trademark infringement allegedly lasting until May 11, 2007 and from approximately January, 2008 until April 4, 2008; defamation on May 25, 2006, July 12, 2006, and August 4, 2006; and tortious interference with business relations within the same time period.  It may be that some of these actions occurred outside the actionable period, but that which does not is not barred by

---

[8]<u>See Russo v. Bonavita</u>, No. 90 380984, 1994 WL 702916 at *6 (Conn. Super. December 1, 1994) ("CUTPA proscribes a broader range of conduct than does the common law action").

**17**

the statute of limitations. The moving parties also argue that the only proof of Vartika Kumar's involvement with Indiaweekly was within 2003 and 2005; this argument fails for the reasons stated infra.

### F. Individual Liability

The moving parties argue that the defendants have not alleged sufficient facts to support their claim that Vartika or Shivesh is individually liable under any of the four counts in the third party complaint, and thus that if properly pled, these claims lie only against the principal, Indiaweekly.  The defendants have alleged that "Shivesh Kumar is the managing agent of [Indiaweekly] . . . Vartika Kumar is also an agent, employee and/or authorized representative of [Indiaweekly] . . . [and] Shivesh Kumar and/or Vartika Kumar control the activities of [Indiaweekly] . . . ." [Doc. #61]

The rule on individual liability for actions taken on behalf of a corporation is that "[w]here an agent or officer commits or participates in the commission of a tort, whether or not he acts on behalf of his principal or corporation, he is liable to third persons injured thereby."  Scribner v. O'Brien, Inc., 169 Conn. 389, 404 (Conn. 1975).  Each of the causes of action asserted by the defendants is a tort.[9]  The Court concludes that the assertion that Shivesh and Vartika Kumar caused

---

[9]See Sunward Electronics, Inc. v. McDonald, 362 F.3d 17 (2d Cir. 2004) (Lanham Act); Mercer v. Cosley, 110 Conn. App. 283 (Conn. App. 2008) (defamation); American Diamond Exchange, Inc. v. Alpert, 101 Conn. App. 83 (Conn. App. 2007) (tortious interference with business relations); Stearns and Wheeler, LLC v. Kowalsky Bros., Inc., 289 Conn. 1, 9 (Conn. 2008) (CUTPA claims may sound in either contract or tort, depending on the facts of the case).

**18**

the complained-of actions is sufficient to plead individual liability. The moving parties have attached the affidavit of Vartika Kumar asserting that she has never been an employee of Indiaweekly [Doc. #44], but the defendants have attached the affidavit of Neeraj Kumar asserting that she was. [Doc. #58, Ex. A] Viewing the facts in the light most favorable to the non-moving party, the Court must assume that she was an employee or agent of Indiaweekly. Even were the Court to convert this motion under Fed. R. Civ. P. 12(d) to one for summary judgment, the agency of Vartika or Shivesh Kumar cannot be resolved by reference to the affidavits, therefore they shall be excluded, and the third-party complaint shall remain to the same extent as the counterclaims. Again, should the defendants not present any evidence of the individual actions of Shivesh or Vartika Kumar, they may be removed from the case on a motion for summary judgment. This leaves open the question of whether Indiaweekly is responsible for the torts of Shivesh or Vartika Kumar, but as such issue was not raised in the motion to dismiss, it may await a fuller presentation of the facts of this case.

      For the reasons stated above, the motion to dismiss [Doc. #41] is DENIED in its entirety.

IT IS SO ORDERED.

_____/s/_____

**Vanessa L. Bryant**

**United States District Judge**

**Dated at Hartford, Connecticut: January 27, 2009.**