# UNITED STATES DISTRICT COURT
# DISTRICT OF CONNECTICUT

| | |
|---|---|
| INDIAWEEKLY.COM, LLC, | ) |
| Plaintiff, | ) CIVIL ACTION NO. 3:07-CV-00194 (VLB) |
| v. | ) |
| NEHAFLIX.COM, INC., *et al.* | ) |
| Defendants. | ) DECEMBER 9, 2009 |

## AFFIDAVIT OF DAVID LASATER

I, David Lasater, being duly sworn, depose and state:

1. I am over the age of eighteen (18) years and believe in and understand the obligations of an oath.

2. I make this affidavit based on my personal knowledge and belief.

3. I am a Senior Managing Director in the Forensic & Litigation Consulting Practice at FTI Consulting, Inc., a publicly-held firm with numerous offices in the U.S. and other countries. My local address is Three Times Square, 11th Floor, New York, New York, 10036. My Ph.D. from the University of Texas at Austin had as one of its three important areas-of-concentration quantitative methods and statistics. I am also a Certified Public Accountant and a member of The American Statistical Association and the American Economic Association.

4. I have been providing full-time professional consulting requiring the use of statistical methods for 21 years, since 1988.

5. I was retained as an expert in this matter to conduct a statistical analysis of certain customer account database entries of Indiaweekly.com, LLC

and Nehaflix.com, Inc. More specifically, I was asked to analyze the database entries for the existence and extent of overlap.

6. I was disclosed as an expert witness in this case and I provided my expert report on November 25, 2009. That report is attached as *Exhibit A*.

7. Using statistical analysis, I was able to determine that 28,007 addresses of Nehaflix's database addresses were exactly the same as those from Indiaweekly's database of addresses. This represents a substantial overlap (47% of Indiaweekly's addresses).

8. At the request of counsel, four days' address entries of the 1,388 days were specifically identified as suspected unusual days of activity (January 13, 2003, February 8, 2004, March 9, 2006, and May 11, 2006). The 99th-percentile experience for the remaining 1,384 days was then obtained. All days with address additions greater than or equal to 709 comprised the largest one-percentile from this set of days.

9. On ninety-nine percent (99%) of the 1,384 days, less than 709 email addresses were added per day. The average number of addresses across these 1,384 days was approximately 22 additions per day. For purposes of this affidavit, 22 address additions per day will be defined as the "normal operating experience."

10. In stark contrast, including three of the four days that were initially set aside as suspected unusual days, sixteen (16) days of the total 1,388 days had more than 709 email addresses added on a single day. In fact, the average

2

number of email addresses added to Nehaflix's database on those sixteen (16) days was approximately 2,697 per day. This average is 60 times the average for the normal operating experience. The sheer magnitude of the difference between 22 addresses per day and 2,696 per day necessarily raises questions about why the 16 days' activity is so unusual--so skewed from the rest of the 1,372 days' activity.

11. In addition, the 16 days with the highest 1% of email additions, as defined above, collectively contain more than half (57%) of Nehaflix's total email database (43,145 of its 75,750 unique customer email addresses). This raises additional questions about why and how the majority of Nehaflix's database was enlarged on only 16 days. If the testimony in this case is that Nehaflix did not purchase bulk email lists from any source, then there are unanswered questions about the source of such significant and unusual numbers of email addresses on these dates.

12. Given all days evaluated, there is less than a 1% probability that 6,561 addresses would be added on a single day.

13. Further, the degree of overlap between the databases on February 8, 2004 is substantial. Of 6,561 email addresses added by Nehaflix on that date, 6,106 (approximately 93%) overlap with Indiaweekly's database, and at least 6,079 (approximately 93%) of the 6,106 pre-existed on Indiaweekly's database. Due to the numerous potential sources of addresses, it is an intractable problem to calculate the probability that 93% of a given day's address additions by Nehaflix could independently match the pre-existence of those addresses on

3

Indiaweekly's database. However, on a binary basis alone (1=an address independently added by Nehaflix is on the Indiaweekly database, 0= is not), the joint probability of producing a list of exactly 6,079 overlapping, pre-existing addresses being added on one day is infinitesimally small ($p = (0.5)^{6,079}$). If the evidence establishes that Indiaweekly's addresses were not acquired from any third party source, the only remaining reasonable conclusion is that Nehaflix's address list for this date was built from Indiaweekly's address list.

For at least one day of the 1,388 for which I have data, the data requires more answers from the defendant than I have seen in his deposition. For that day, the statistical analysis indicates that the Nehaflix customer database was not created independently from Indiaweekly's. For 15 others of the 1,388 days, additional answers are required to explain (a) the unusual bulk acquisition of addresses on those days and (b) the remaining approximately 41% overlap in the parties' databases, after taking account of the February 8, 2004 overlap.

14. In addition to the significance of the February 8, 2004 date to the issue of database overlap, the following are additional dates on which a substantial number of addresses added to the Nehaflix database were found to be exactly the same as those from Indiaweekly's database of addresses:

- January 13, 2003 - 535 Addresses
- April 21, 2005 – 2151 Addresses
- September 23, 2005 – 2491 Addresses
- June 21, 2006 – 3278 Addresses

4

The foregoing is true, complete and accounts to the best of my knowledge, information and belief.

*David B. Lasater* (signature)
David B. Lasater

Sworn to before me this 9th day of December, 2009,

*Helena Inn* (signature)
Notary Public

HELENA INN
NOTARY PUBLIC, STATE OF TEXAS
MY COMMISSION EXPIRES
APRIL 7, 2011