INDIAWEEKLY.COM, LLC,

Plaintiffs,

v.

NEHAFLIX.COM, et al.,

Defendants

Civil Action No. 3:07-CV-00194 (VLB)
United States District Court
District of Connecticut

EXPERT REPORT AND DISCLOSURE OF

David B. Lasater, Ph. D., CPA

November 25, 2009

## I. Introduction

My name is David B. Lasater. I am a Senior Managing Director in the Forensic & Litigation Consulting Practice at the international, publicly-held firm, FTI Consulting, Inc. ("FTI"). I have been providing full-time professional consulting requiring the use of statistical methods for 21 years, since 1988.

My University of Texas at Austin Ph.D. (1982) had as one of its three important areas-of-concentration quantitative methods and statistics. In my professional practice, I use statistical methods in a variety of consulting contexts, including forensic investigation sample design, database integrity sampling tests, and discovery submission sampling protocols. I also use regression and forecast modeling in civil damages analyses, and regression tests of differences in class action pattern and practice discrimination.

I have given deposition and trial testimony involving statistical analyses in both Federal and state courts. I have attached my listing of trial and deposition testimony since 1996, including a notation next to each case in which statistical analysis and conclusions were used. My resume, testimony listing, and other Rule 26 disclosures are attached hereto as Exhibits 1 and 2.

I have been retained in this matter by Indiaweekly.com, LLC, Shivesh Kumar, and Vartika Kumar through the law firm of McCarter & English, LLP. I have been asked to consider certain of the parties' electronic database entries and to analyze the database entries for the existence of overlap and for the extent of overlapping entries and the date-specific arrival of entries to the Defendant's database.

## II. Statement of Opinions

1. There is substantial overlap (28,007 addresses) of the Defendant's database of addresses with the Plaintiff's database of addresses. The overlap represents approximately 47% of the Plaintiff's database of addresses.

Discussion. The consolidated Indiaweekly databases were examined at my direction and found to consist of a total 59,758 unique address entries. The consolidated Nehaflix databases consisted of 75,760 unique address entries. Approximately 28,007, or approximately 47% of the Indiaweekly database addresses can also be found on the Nehaflix databases. See Exhibit 3 for a detail of the data sources that were consolidated for the analysis of overlap.

2. The Defendant added 43,145 email addresses, or almost 57% of its 75,760 unique customer addresses on sixteen of the 1,388 days for which I have data.

Discussion. I understand that Plaintiff Indiaweekly alleges that Defendant Nehaflix, through its agents, made unauthorized incursions to the Indiaweekly computer

environment on multiple dates and extracted trade secrets in the form of customer names from Indiaweekly. In order to test whether there was evidence of unusual address addition by the Defendant, I directed the Nehaflix address data to be sorted by addition date and then directed that a date and quantity profile be prepared.

The average daily addition of addresses was found to be 44.5 across the 1,388 days evidenced in the Defendant's data.

Ninety-nine percent (99%) of the Defendant's days-experience have fewer than 709 address additions each day. Sixteen dates are associated with address additions totaling greater than 709 addresses. A table reflecting a list of the sixteen dates appears in Exhibit 4 herein.

3. The average address addition by the Defendant in the 16 days that comprise the largest (99th percentile) addition events is greater than 2,696 That average is almost 60 times the Defendant's approximate 22 average number of daily address additions across the other 1,371 days in my study. The sheer magnitude of the 60-times difference raises questions about why those 16 days are so skewed from the Defendant's normal operating experience. See Exhibit 5 for the supporting detail.

4. Approximately 6,079 (or approximately 93%) of the 6,561 addresses added by the Defendant to its databases on February 8, 2004 pre-existed on the Plaintiff's address database(s).

<u>Discussion</u>. Approximately 6,106 addresses are found on both the Plaintiff and Defendant databases related to the February 8, 2004 address addition by the Defendant. The Plaintiff's databases reflect addition dates for 6,082 (or approximately 99.6%) of the 6,106 addresses. Within the set of 6,106 addresses that are common between the databases, 6,079 were added to the Plaintiff's databases before February 8, 2004.

It is possible that other time-dated analyses of Defendant address files would reveal the prior existence of addresses on the Plaintiff's databases. However, the potential for strategic addition of data acquired from the Plaintiff's files by the Defendant, spreading the addition across several future dates, precludes the analysis. Other limitations include the incompleteness of addition dates in the Plaintiff's files.

### III. Bases of my opinions

My opinions are based on my education, training, and experience. They are also based on analysis performed by me or at my direction on data provided to FTI by counsel. My understanding is that the data comprises email address files from both Plaintiff and Defendant, separately designated. Richard Eichmann, a Managing Director in FTI's Forensic & Litigation Practice, performed the management and statistical processing of the data.

I have considered the electronic email lists of Indiaweekly.com, LLC ("Indiaweekly") and Nehaflix.com, Inc. ("Nehaflix"). See Exhibit 3 for the names of the data files FTI received in this matter.

I have also considered the deposition testimony of Neeraj Kumar, dated June 10, 2009, pp. 212, 255-265. And, I have read the Complaint (February 1, 2007), Defendant's Revised Answer, Special Defenses and Counterclaims (September 18, 2008), and the Revised Third Party Complaint (September 18, 2008).

### IV. Statement of Compensation

My employer, FTI Consulting, Inc., is being compensated for my work on this matter at the standard hourly rate of $610. During any times in which I will testify at deposition or at trial in this case, my employer, FTI Consulting, Inc., will be compensated at a rate of approximately $4,880 for an eight-hour day. No part of my compensation depends on the outcome of this case.

*David B. Lasater*

Dated: November 25, 2009

David B. Lasater, Ph.D., CPA
FTI Consulting, Inc.

**Confidential**
**Attorneys Eyes Only**

4



# David Lasater, Ph.D., CPA

Senior Managing Director - Forensic and Litigation Consulting

david.lasater@fticonsulting.com

**Houston**
1001 Fannin
Suite 1400, First City Tower
Houston, TX 77002
Tel: (713) 353-5434
Cell: (713) 306-9429
Fax: (832) 667-5059

**New York**
3 Times Square
11th Floor
New York NY 10036
Tel: (212) 499-3639
Fax: (212) 499-3610

**Certifications**
Certified Public Accountant

**Professional Affiliations**
American Economic Association

The American Statistical Association

**Education**
Ph.D. in Accounting Research, Capital Markets, and Quantitative Methods, and Masters in Professional Accounting, The University of Texas at Austin

B.B.A. in Accounting, University of Houston

David Lasater is a senior managing director in the FTI Forensic and Litigation Consulting practice and is based in Houston and New York. Mr. Lasater has 29 years of experience providing statistical and economic advisory services. He has provided expert testimony in federal, state and administrative matters.

His case experience includes securities class actions, employment class actions, accountants' malpractice, intellectual property, breach of contract, breach of trust, lender liability, product liability, predatory pricing, fraudulent conveyance, franchise termination and U.S. Tax Court cases.

Mr. Lasater's expertise includes the application of statistical, econometric, financial economic and accounting/auditing analyses in litigation and nonlitigation assignments. He has advised, reported and testified in litigation assignments ranging from class certification to liability and damages determinations.

Mr. Lasater's industry experience includes financial services, manufacturing, assembly, distribution, telecommunications, energy, engineering R&D, entertainment, pharmaceutical and chemical, environmental, software development, federal and state government agency operations and healthcare.

Mr. Lasater has advised, reported, and given expert testimony on business, business segment, equity-position, and options on equity-position valuations in a wide range of industries. He has valued companies in all stages of growth and decline, from start-up (using real options approaches) to wind-up (using macroeconomic regressions for revenue forecasts).

Prior to joining FTI, Mr. Lasater was a partner in KPMG's Forensic Dispute Advisory Services practice and national coordinator for the practice's securities litigation and employment class action services. From 1991 – 2001, he was an international partner in Arthur Andersen's Claims & Disputes practice, based in its New York office. Before joining Arthur Andersen, he was a member of the Graduate School of Business faculty, Michigan State University for eight years.

Mr. Lasater holds a B.B.A. from the University of Houston (1973), a masters in professional accounting (1979) and a Ph.D. in accounting research, capital markets, and quantitative methods (1982) from the University of Texas in Austin. He is a certified public accountant, and is a member of numerous economics, statistics and professional societies.

**Confidential
Attorneys Eyes Only**



# Exhibit 2

## David B. Lasater
## Trial and Deposition Testimony

**Boldface "S" in front of the case caption denotes an instance in which statistical results were either the object or a foundation of the testimony**

**Trial testimony:**

S *Honeywell, Inc. v. American Flywheel Systems, Inc.* (1996) (Arizona State Court)
S *Johnny Reynolds v. Alabama Department of Transportation* (1996, 1997) (Federal District Court – Middle District Alabama)
*Cynthia Stix-Bennett v. James D. Bennett.* (1998) (Connecticut State Court)
*FDIC v. Arthur Andersen* (1998) (AAA - Arbitration)
S *Taylor Publishing Co., Inc. v. Jostens* (1998) (Federal District Court - Eastern District of Texas)
S *Elouise Pepion Cobell, et al., v. Bruce Babbitt* (1998) (Federal District Court – District of Columbia)
S *Elouise Pepion Cobell, et al., v. Gale Norton* (2003) (Federal District Court – District of Columbia)
S *Elouise Pepion Cobell, et al., v. Dirk Kempthorne* (2007) (Federal District Court – District of Columbia)
S *Martin v. City of Birmingham* (2001) (Federal District Court – Northern District of Alabama)
*Syndicated Communication Venture Partners IV, LP v. Baystar Capital, LP, et al.,* (2006) (Supreme Court, New York, New York County)

**Deposition testimony:**

S *Johnny Reynolds v. Alabama Department of Transportation* (1996, 2002) (Federal District Court – Middle District Alabama)
S *Honeywell, Inc. v. American Flywheel Systems, Inc.* (1996) (Arizona State Court)
S *In re: JWP, Inc.* (1996) (Federal District Court – Southern District of New York)
*Frontline Systems, Inc. v. Fasfax, Inc.* (1996) (Federal District Court – Arizona)
S *Eloise Pepion Cobell, et al., v. Bruce Babbitt* (1998) (Federal District Court – District of Columbia)
S *Eloise Pepion Cobell, et al., v. Gale A. Norton* (2003) (Federal District Court – District of Columbia)

**Confidential**  6
**Attorneys Eyes Only**

S *Shaun Neal, et al., v. City of Detroit Law Department* (1999) (Michigan State Court)
*Couldock & Bohan, Inc. v. Societe Generale Corp.* (1999) (Federal District Court – Connecticut)
*Senior Industries, Inc. v. Thomas & Betts, Inc.* (2000) (Federal District Court – Northern Illinois)
S *Bridenstine, et al. v. Kaiser-Francis Oil Co.* (2000) (Oklahoma State Court – Beaver County)
*Johnston Industries, Inc., et al. v. Milliken & Co., Inc., et al.* (2000) (Alabama State Circuit Court)
S *Rowland W. Day, II v. Meyer, Duffy & Assoc., Inc.* (2001) (Federal District Court – Southern District of New York)
*Air & Gas Technologies, Inc. v. Atlas Copco Compressors, Inc.* (2001) (Federal District Court – New Jersey)
*Ohaus Management Group, Inc. d/b/a Chester Precision v. Worthington Precision Metals, Inc.* (2002) (Federal District Court – Connecticut)
*Paradigm Packaging, Inc. v. Communisis, PLC, et. al.* (2003) (Federal District Court – Southern District of New York)
S *Avondale Mills, Inc. v. Norfolk Southern Corp., et al.* (2007, 2008) (Federal District Court—South Carolina, Aiken Division)
S *William D. Hoffman, et al. v. American Express Travel Related Services, Inc.* (2009) (Superior Court, State of California, Alameda County)

**Publications and Presentations**

"Causation and Damages in Federal Securities Cases," published in the proceedings of *Shareholder Litigation Against Directors & Officers*, ALI-ABA (Washington, D.C., May 1992).

"Option Pricing and Business Valuation," published in the proceedings of *Business Litigation*, Defense Research Institute, (New York, May 1999).

"Sampling to Improve e-discovery quality management," presentation to the Capital One E-Discovery Search Seminar, (Vienna, Virginia, November 10, 2009).

**Confidential**
**Attorneys Eyes Only**

# Exhibit 3

# Data sources and consolidation

Plaintiff's Data

| Data Source | Table / Worksheet | No. Obs. |
|---|---|---|

REDACTED

| Total Unique Observations | | 59,758 |
|---|---|---|

Defendant's Data

| Data Source | No. Obs. |
|---|---|

REDACTED

| Total Unique Observations | 75,760 |
|---|---|

**Exhibit 4**

| Date | Number of Addresses Entered by Defendant | Number of Addresses Entered by Defendant that are also on Plaintiff databases | Percentage |
|---:|---:|---:|---:|
| January 13, 2003 | 3,001 | 535 | 17.8% |
| February 24, 2003 | 816 | 139 | 17.0% |
| May 30, 2003 | 796 | 254 | 31.9% |
| July 12, 2003 | 1,448 | 160 | 11.0% |
| September 22, 2003 | 829 | 324 | 39.1% |
| November 5, 2003 | 5,226 | 14 | 0.3% |
| February 8, 2004 | 6,561 | 6,106 | 93.1% |
| March 31, 2005 | 842 | 187 | 22.2% |
| April 21, 2005 | 4,394 | 2,151 | 49.0% |
| July 6, 2005 | 944 | 195 | 20.7% |
| September 23, 2005 | 5,137 | 2,491 | 48.5% |
| March 9, 2006 | 2,055 | 499 | 24.3% |
| March 24, 2006 | 924 | 29 | 3.1% |
| April 28, 2006 | 1,021 | 303 | 29.7% |
| June 21, 2006 | 7,590 | 3,278 | 43.2% |
| August 1, 2006 | 1,561 | 21 | 1.3% |
|  | 43,145 | 16,686 | 38.7% |

**Confidential**
**Attorneys Eyes Only**

# Exhibit 5

## Analysis of 99th percentile addition dates

```
. ttest dailyentry, by(compare) unequal

Two-sample t test with unequal variances
------------------------------------------------------------------------------
   Group |     Obs        Mean    Std. Err.   Std. Dev.   [95% Conf. Interval]
---------+--------------------------------------------------------------------
       0 |    1372     21.94752    1.86638    69.13167    18.28625    25.60879
       1 |      16     2696.563    579.3826    2317.53    1461.638    3931.487
---------+--------------------------------------------------------------------
combined |    1388     52.77882     10.199    379.9728    32.77168    72.78596
---------+--------------------------------------------------------------------
    diff |             -2674.615   579.3856               -3909.544   -1439.686
------------------------------------------------------------------------------
    diff = mean(0) - mean(1)                                  t =  -4.6163
Ho: diff = 0                        Satterthwaite's degrees of freedom = 15.0003

    Ha: diff < 0                 Ha: diff != 0                 Ha: diff > 0
 Pr(T < t) = 0.0002          Pr(|T| > |t|) = 0.0003         Pr(T > t) = 0.9998
```

**Confidential**
**Attorneys Eyes Only**