UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT
------------------------------------------------------------------X
Indiaweekly.com, LLC,

          Plaintiff,  **ORDER**
               Case No. 07-cv-0194 (TLM)
  -against-

Nehaflix.com, Inc. et al.,

          Defendants
------------------------------------------------------------------X

**TUCKER L. MELANÇON, Senior United States District Judge:**

  The Court is in receipt of the parties' February 17, 2011 Joint Status Report [Rec. Doc. 221], in which plaintiff/counterclaim defendant Indiaweekly.com, LLC and counterclaim defendants Shivesh Kumar and Vartika Kumar (collectively "Indiaweekly") request a pre-motion conference to address Indiaweekly's December 21, 2009 Motion to Compel Authorization and for Sanctions [Rec. Doc. 153].

  Based on the record of this proceeding, it is established that:

1. On May 13, 2009, referring United States District Judge Vanessa L. Bryant entered an order stating that defendants/counterclaim plaintiffs Nehaflix.com, Inc. and Neeraj Kumar (collectively "Nehaflix") "are not obligated to provide any further trade secret material to [Indiaweekly] . . . ." [Rec. Doc. 90].

2. On July 27, 2009, Indiaweekly served a subpoena duces tecum on non-party Yahoo! Inc. ("Yahoo"), requesting, *inter alia*, the production of "[a]ll database records of

1

Nehaflix for the years 2002 to the present, including, without limitation, all customer orders, credit card transaction records, inventory records and email correspondence and addresses." [Rec. Doc. 153-2].

3. On August 5, 2009, Nehaflix moved to quash the subpoena Indiaweekly served on Yahoo, or alternatively, for a protective order limiting the disclosure of the Yahoo database records to Indiaweekly's attorneys only [Rec. Doc. 113] . On August 17, 2009, Judge Bryant denied Nehaflix's motion to the extent it sought to quash the subpoena but granted the motion to the extent it sought a protective order limiting disclosure of the database records to Indiaweekly's attorneys [Rec. Doc. 116]. Judge Bryant then issued an Order of Clarification, stating that the Court's August 17, 2009 order "superseded" its May 13, 2009 order that prohibited Indiaweekly from discovering any further "trade secret material" from Nehaflix [Rec. Doc. 127].

4. On December 16, 2009, the case was re-assigned to the undersigned, Visiting Senior United States District Judge.

5. Yahoo refused to produce the documents Indiaweekly sought to obtain through the subpoena without written authorization from Nehaflix. *See* Aff. of Attorney Regan [Rec. Doc. 153-3]. Thus, on December 21, 2009, Indiaweekly filed a Motion to Compel Authorization and for Sanctions [Rec. Doc. 153], requesting an order compelling Nehaflix to authorize Yahoo to produce the database records to Indiaweekly, or alternatively, compelling Nehaflix to obtain the records from Yahoo

and produce them to Indiaweekly. The motion also requested that Nehaflix be sanctioned pursuant to District of Connecticut Local Rule 37(c) for its refusal to provide authorization to Yahoo.

6. On December 23, 2009, a telephone conference was conducted before the undersigned in which the Court instructed counsel for Nehaflix to obtain the database records that were the subject of Indiaweekly's subpoena from Yahoo and to file those records under seal for the Court's review [Rec. Doc. 156].

7. By order of February 26, 2010, the Court terminated Indiaweekly's December 21, 2009 Motion to Compel Authorization and for Sanctions.

8. The Court having reviewed *in camera* the Yahoo database records, concludes that the records contain information relevant to the claims asserted by Indiaweekly in this matter.

**IT IS THEREFORE ORDERED** that Nehaflix produce the Yahoo database records to counsel for Indiaweekly **within three days** of the entry of this order.

**IT IS FURTHER ORDERED** that the database records remain subject to Judge Bryant's August 17, 2009 protective order [Rec. Doc. 116]. In the event Indiaweekly wishes to provide the database records to an expert witness for analysis, it shall only provide the database records to the expert in statistical analysis it has already retained, i.e., David Lasater. Lasater's expert report must be disclosed in compliance with Federal Rule of Civil Procedure 26(a)(2) no later than **April 22, 2011**. No extension of this deadline will be

granted. Lasater must be made available for the taking of his deposition on or before **May 6, 2011.** No extension of this deadline will be granted.

**IT IS FURTHER ORDERED** that Indiaweekly's request for a pre-motion conference is DENIED as moot.

**SO ORDERED.**

_____
Tucker L. Melançon
United States District Judge

April 5, 2011
Bridgeport, CT