UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT
-----------------------------------------------------------------X
Indiaweekly.com, LLC,

|  |  |
|---|---|
| Plaintiff, | MEMORANDUM AND ORDER |
|  | Case No. 07-cv-0194 (TLM) |

-against-

Nehaflix.com, Inc. et al.,

Defendants
-----------------------------------------------------------------X

**TUCKER L. MELANÇON, Senior United States District Judge:**

Before the Court are defendants/counterclaim plaintiffs Nehaflix.com and Neeraj

Kumar's (collectively "Nehaflix") Objection to Plaintiff's Offer of Extrinsic Evidence [Rec.

Doc. 239], plaintiff/counterclaim defendant Indiaweekly.com, LLC and counterclaim

defendants Shivesh Kumar and Vartika Kumar's (collectively "Indiaweekly") Memorandum

re: Defendants' Exhibits 10 and 11 [Rec. Doc. 240], and Indiaweekly's Memorandum re:

Plaintiff's Exhibit 21 [Rec. Doc. 242].

**I. Nehaflix's Objection to Plaintiff's Offer of Extrinsic Evidence**

During a May 26, 2011 teleconference [Rec. Doc. 236], Indiaweekly requested

permission to use Neeraj Kumar's affidavit, filed in connection with this case, together with

Nehaflix's sales records obtained from Yahoo! Inc., to impeach Neeraj Kumar at trial. The

Court granted Indiaweekly's request, and on June 1, 2011 Nehaflix filed its Objection to

Plaintiff's Offer of Extrinsic Evidence [Rec. Doc. 239], urging reconsideration of the Court's

1

ruling.

Nehaflix correctly argues in its Objection that "[w]hen a witness is cross-examined for the purpose of destroying his credibility by proof of specific acts of misconduct . . . [under Federal Rule of Evidence 608(b)] the examiner must be content with the answer"; the examiner may not introduce any other evidence to prove the act of misconduct occurred. *United States v. Shoreline Motors*, 2011 WL 117049, at \*6 (2d Cir. 2011). Under that rule, Indiaweekly will be limited at trial to asking Neeraj Kumar whether he submitted a false affidavit, and will be prohibited from submitting the affidavit and the Yahoo records in response to a negative answer.

However, "'impeachment by contradiction' operates as a limited exception to Rule 608(b)." *United States v. Ramirez*, 609 F.3d 495, 499 (2d Cir. 2010). Under the exception, when a party testifies on direct examination about a fact that is not collateral to the issues in the case, the opposing party "may seek to rebut those facts, including by resorting to extrinsic evidence if necessary." *Id*. Nehaflix's volume of sales is a not collateral to the issues in this case; it bears directly on Neeraj Kumar's defense of the theft claims asserted against him and on the damages he seeks under his counterclaims. Therefore, if Neeraj Kumar testifies on direct examination about Nehaflix's revenues or sales, the Yahoo records will be admissible to rebut that testimony under the "impeachment by contradiction" exception to Rule 608(b) if the records are otherwise admissible under *United States v. Washington*, 498 F.3d 225, 231 (4th Cir. 2007). *See* Court's Order of Clarification [Rec. Doc. 246].

## II. Indiaweekly's Memorandum re: Defendants' Exhibits 10 and 11

During the May 26, 2011 teleconference, the Court overruled Indiaweekly's objections to Nehaflix's Exhibits 10 and 11, relying on the "business records exception" to the rule against hearsay, but afforded it the opportunity to brief the matters and request the Court to reconsider its rulings.[1]  On June 1, 2011, Indiaweekly filed its Memorandum re: Defendants' Exhibits 10 and 11  [Rec. Doc. 240], urging reconsideration of the Court's rulings.

### A. Nehaflix's Exhibit 10

Nehaflix's Exhibit 10 purports to be an email from Streamsend, Inc., a third party email vendor, to defendant Neeraj Kumar.  In the email, the Streamsend representative writes to Neeraj that "We recently received a letter from a company claiming you stole their list. . . . [W]e take these offenses very seriously and must temporarily suspend your account until further notice from the first party." Nehaflix's Mem. Opp'n to Indiaweekly's Mot. Summ. J., Exhibit H at Bates Stamp No. 14.

Indiaweekly is incorrect in asserting that the email from Streamsend to Neeraj Kumar does not come within the business records exception to the rule against hearsay as the Court stated at the teleconference.  Fed. R. Evid. 803(6).[2]  The email is a "memorandum" prepared

---

[1] Contrary to Indiaweekly's assertion in his Memorandum, the Court did not sustain Indiaweekly's objection to Nehaflix's Exhibit 10.  The Court's Minute Entry [Rec. Doc. 236] is an accurate reflection of the proceedings.

[2] Fed. R. Evid. 803(6) provides: The following are not excluded by the hearsay rule, even though the declarant is available as a witness: . . . . (6) Records of Regularly Conducted

by Streamsend that recounts "acts, events, [or] conditions"–that is, the allegation of theft and the consequent suspension of Neearj Kumar's account. *See* Fed. R. Evid. 803(6). It also appears to have been "made at or near the time by, or from information transmitted by, a person with knowledge, [and] kept in the course of a regularly conducted business activity . . . ." *Id*. To introduce the email under the business records exception, however, Nehaflix must establish these foundational predicates "by the testimony of the custodian or other qualified witness, or by certification that complies with Rule 902(11) [or] Rule 902(12) . . . ." Fed. R. Evid. 803(6).

While the Streamsend email itself comes within the business records exception, the email also makes reference to a "letter from a company claiming you [Neeraj Kumar] stole their customer list." However, the letter's allegation of theft is not hearsay because it was made by Shivesh Kumar and is therefore a party admission. *See* Fed. R. Evid. 801(d)(2).[3]

---

Activity.--A memorandum, report, record, or data compilation, in any form, of acts, events, conditions, opinions, or diagnoses, made at or near the time by, or from information transmitted by, a person with knowledge, if kept in the course of a regularly conducted business activity, and if it was the regular practice of that business activity to make the memorandum, report, record or data compilation, all as shown by the testimony of the custodian or other qualified witness, or by certification that complies with Rule 902(11) [or] Rule 902(12) . . . .

[3]Although the Streamsend email merely makes reference to "a company" that sent the accusatory letter, Shivesh Kumar stated in an affidavit that he "may" have sent this letter. *See* S. Kumar Aff. ¶ 19. Therefore, for the purposes of applying the party admission exception, the Court makes the foundational finding of fact pursuant to Federal Rule of Evidence 104(a) that Indiaweekly is "the company" referred to in the Streamsend email. *See* Fed. R. Evid. 104(a) ("Preliminary questions concerning . . . the admissibility of evidence shall be determined by the court . . . ."); *see also Pappas v. Middle Earth Condominium Ass'n*, 963 F.2d 534, 538 (2d Cir. 1992) (noting that "identity of declarant party [is] not required in order to introduce admission" under the party admission exception, and citing *O'Neal v. Morgan*, 637 F.2d 846, 851 (2d Cir.1980)).

In sum, the Court's ruling on defendant's Exhibit 10 will not be modified or vacated, and the email from Streamsend to Neeraj Kumar will be admissible at trial so long as Nehaflix lays a proper foundation for the business records exception pursuant to Fed. R. Evid. 803(6).

**B. Nehaflix's Exhibit 11**

Nehaflix's Exhibit 11 purports to be a series of three emails between Neeraj Kumar and a representative from Broadwick Corporation, a third party email vendor. The first email, dated November 17, 2006, is from Broadwick, informing Neeraj Kumar of the credentials required for logging into his Broadwick account. Exhibit H at Bates Stamp No. 16. This part of the email correspondence is not relevant to any issue in the case and will not be allowed into evidence at trial.

The second email, dated December 18, 2006, is from Neeraj Kumar to Broadwick, in which Neeraj Kumar states that "I was just on the phone with your support agent Angela who rudely hung up on me. It is my understanding you have cancelled my service without my consent or just cause." Exhibit H at Bates Stamp No. 15. Assuming Neeraj Kumar will testify to the necessary foundational predicates, this out of court statement comes within the business records exception to the hearsay rule.

Neeraj Kumar further states in the second email, "Either provide me a copy of the legal letter you mention . . . or refund my money ASAP as I have not used your service. Failure to do so, [and] I will be forced to file a chargeback with my Credit Card company and

send a letter to BBB and FCC for fraud." Exhibit H at Bates Stamp No. 15. Broadwick's "mention" of a "legal letter" is hearsay within Neeraj Kumar's email, and will not be allowed into evidence unless a proper foundation for its admission at trial can be established.

Finally, the third email, dated December 18, 2006, is from Broadwick to Neeraj Kumar, and states in relevant part: "Thank you for your email. Unfortunately the request has been made that the legal correspondence remain confidential. You will have to communicate directly with IndiaWeekly.com in regards to this issue. As for a refund, we are happy to credit $159.47." Exhibit H at Bates Stamp No. 15. Again, these statements made by Broadwick will be admissible at trial if Nehaflix can lay a foundation for applying the business records exception to the statements in the email. However, the third email also refers to a "request" (by an unidentified speaker) that "the legal correspondence remain confidential." This statement is hearsay and will not be allowed into evidence unless a proper foundation for its admission at trial is established.

In sum, the Court's ruling on defendant's Exhibit 11 is modified as follows: the first email, dated November 17, 2006, will not be admissible at trial; Broadwick's "mention" of a "legal letter" in the second email dated December 18, 2006 will not be allowed into evidence at trial unless a proper foundation is established; Broadwick's statement in the third email, dated December 18, 2006, that a "request [that] the legal correspondence remain confidential" will not be allowed into evidence unless a proper foundation is established. In the event Nehaflix is unable to establish a foundation for any or all of the statements made

in the emails as set forth above, Nehaflix should prepare a redacted copy of Exhibit 11. The

redacted copy of Exhibit 11 must be provided to opposing counsel and the Court no later than

close of business, June 9, 2011.

### III.   Indiaweekly's Memorandum re: Plaintiff's Exhibit 21

Indiaweekly's Exhibit 21 are records from a remote computer access provider that

allegedly show failed attempts to access Shivesh Kumar's computer. During the May 26,

2011 teleconference, the Court sustained Nehaflix's objection to the exhibit, subject to

Indiaweekly's opportunity to demonstrate to the Court that the failed access attempts were

initiated by defendant Neeraj Kumar [Rec. Doc. 236]. Attorney Rechen has represented to

the Court in his Memorandum [Rec. Doc. 242] that Indiaweekly's expert witness, Kenneth

Lacasse, will testify at trial that the failed access attempts were made by Neeraj Kumar based

upon Lacasse's analysis of the appropriate records. Assuming that to be the case, the Court's

ruling on Indiaweekly's Exhibit 21 will be vacated and the exhibit will be allowed into

evidence at trial. It will then be for the jury to give Mr. Lacasse's expert testimony and

opinion just such weight as it deems appropriate.

**SO ORDERED.**

_____
Tucker L. Melançon
United States District Judge

June 6, 2011
Bridgeport, CT

7